UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DE MIN GU,

                Plaintiff,

-against-

DEFENDANT 1: "JOHN DOE" (NEAL);
DEFENDANT 2: "JOHN DOE";
DEFENDANT 3: "JOHN DOE";
DEFENDANT 4: PLAINCLOTHES POLICE
OF 62ND PRECINCT POLICE OF NYC,

                Defendants.

1:23-CV-2973 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff De Min Gu, of Brooklyn, Kings County, New York,[1] filed this *pro se* action invoking the Court's federal question jurisdiction. She names as defendants: (1) "Defendant 1: 'John Doe' (Neal), a member of CIA, also is a manager of customer services of Great Lakes Education[al] Loan Services, Inc."; (2) "Defendant 2: 'John Doe,' a member of CIA, in 2020 he lived in 1720 67 Street third floor, Brooklyn"; (3) "Defendant 3: 'John Doe,' a plainclothes police, now he live[s] at 8011 20 Ave. second floor, Brooklyn"; and (4) "Defendant 4: plainclothes police of 62nd Precinct Police of NYC." (ECF 1, at 3.) For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.

---

[1] Plaintiff alleges that she resides in Brooklyn, Kings County, New York, but that her mailing address is a post office box located in Flushing, Queens County, New York. (ECF 1, at 7.)

## DISCUSSION

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in :

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff appears to allege that three of the four defendants, who are all individuals, reside in Brooklyn, Kings County, New York. (ECF 1, at 9, 11.) Plaintiff does not specify where the other defendant, who is also an individual, resides. (*Id.* at 9.) It appears, however, that this defendant does not reside anywhere within the State of New York, let alone, within this federal judicial district,[2] because Plaintiff alleges that this defendant is "a member of [the Central Intelligence Agency and is] also a manager of customer services of Great Lakes Education[al] Loan Services, Inc.," with a mailing address that is a post office box located in Madison, Wisconsin.[3] (*Id.*) Thus, Plaintiff does not allege anything to suggest that, under Section 1391(b)(1), this court is proper venue for this action.

---

[2] This federal judicial district – the Southern District of New York – is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

[3] Great Lakes Education Loan Services, Inc., appears to be located in Madison, Wisconsin. *See* https://home.mygreatlakes.org/web/about/index.

Plaintiff also alleges that the events that are the bases for her claims occurred in "NYC, the main place is in Brooklyn." (*Id.* at 11.) The complaint also makes clear that the events that are the bases for her claims occurred in Brooklyn. (*See id.* at 11, 13, 17-28.) Brooklyn lies within Kings County, in the Eastern District of New York. 28 U.S.C. § 112(c). Accordingly, Plaintiff has alleged facts sufficient to show that, under Section 1391(b)(2), the United States District Court for the Eastern District of New York is a proper venue for this action.

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff's claims arose in Brooklyn, within Kings County, in the Eastern District of New York, *see* § 112(c), venue lies in the United States District Court for the Eastern District of New York, *see* § 1391(b)(2). Accordingly, in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York. *See* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 13, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge